IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DORELIA RIVERA, individually
and on behalf of her child,
K.R., a minor,

                Plaintiffs,

     v.

AEROVIAS DE MEXICO, S.A. DE
C.V., a foreign corporation
d/b/a AEROMEXICO, and AEROLTORAL
S.A. DE C.V., a foreign
corporation, d/b/a AEROMEXICO
CONNECT,

                Defendants.

Case No. 18 C 06852

Judge Harry D. Leinenweber

## MEMORANDUM OPINION AND ORDER

### I.  BACKGROUND

This negligence claim is brought under the Montreal Convention by Plaintiff Kayla Martinez ("Plaintiff"). The Montreal Convention is an international treaty that imposes liability on an air carrier for a passenger's injury or death caused by an accident during an international flight.  Montreal Convention, Art. 17(1). Plaintiff filed her Complaint in the Circuit Court of Cook County Law Division alleging four counts of Negligence against Defendants Aeromexico and its subsidiary Aeromexico Connect (collectively, "Defendants"). The matter was removed to the Northern District of Illinois.  The Court maintains diversity jurisdiction under 28

U.S.C. § 1332. Before the Court is Defendants' Motion for Summary Judgment. (Dkt. No. 32.)

The Complaint alleges the following facts: on July 31, 2018, Defendant Aeromexico was scheduled to operate Flight 2431 from Durango, Mexico to Mexico City, Mexico using an aircraft owned and operated by Aeromexico and/or Aeromexico Connect. (Dkt. No. 1-1 ("Compl.") ¶ 7.) Plaintiff Martinez was a passenger on Flight 2431 and resident of Illinois with her final destination being Chicago, Illinois. (*Id.* ¶ 12.) Flight 2431 crashed shortly after take-off in dangerous and inclement weather conditions. (*Id.* ¶ 8.) Defendants owed passengers onboard Flight 2431 a duty of care as a common carrier and breached this duty in its attempt to takeoff in Durango, Mexico despite the unsafe weather conditions and poor visibility. (*Id.* ¶¶ 18-19.) As a result of the negligence and resulting crash, Plaintiff suffered personal and pecuniary injuries while onboard the plane. (*Id.* ¶ 20.) Plaintiff alleges that due to the July 31, 2018 crash, she sustained injury to her back, neck, and shoulders, hearing loss, tinnitus, flareups of her Neonatal Onsite Multisystem Inflammatory Disease ("NOMID"), as well as emotional distress including PTSD and severe anxiety. (Pl. Statement of Material Facts ("SMF") (Dkt. No. 35) ¶¶ 8, 9, 13, 14, 16, 17.)

This matter represents one of fourteen (14) separate matters brought against Defendants by individual plaintiff passengers for negligence arising from the same July 31, 2018, Aeromexico Flight 2431 crash. The matters have been consolidated before this Court and in eleven of these matters, Defendants moved for Summary Judgment. Defendants have since settled with four (4) of these plaintiffs. For the reasons stated herein, the Court denies Defendants' Motion.

## II. <u>LEGAL STANDARD</u>

Summary Judgment is appropriate if there is "no genuine dispute of material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party. *Carroll v. Lynch,* 698 F.3d 561, 564 (7th Cir. 2012). The relevant substantive law governs whether a fact is material. *Id.* When reviewing the record on a summary judgment motion, the Court must view the facts and draw reasonable inferences in the light most favorable to the nonmoving party. *Scott v. Harris,* 550 U.S. 372, 378 (2007). If, however, the factual record cannot support a rational trier of fact to find for the nonmoving party, summary judgment is appropriate. *Id.* at 380.

### III. <u>DISCUSSION</u>

### A. Physical Injuries

It is not in dispute that this matter is governed by Article 17 of the Montreal Convention. The convention provides that "[t]he air carrier is liable for damage sustained in case of death or bodily injury of a passenger upon condition only that the accident which caused the death or injury took place on board the aircraft." Montreal Convention, Art. 17(1). Accordingly, the elements of a Plaintiff's claim for bodily injury under the Montreal Convention are "(1) an accident, (2) that took place on board the aircraft, (3) which caused (4) an injury." *Narkiewicz-Laine v. Aer Lingus Ltd.,* 2015 WL 5009766, at *3 (N.D. Ill. Aug. 21, 2015).

Defendants dispute that Plaintiff will be able to satisfy her burden to prove the third element, causation, at trial for either her physical injuries or emotional distress. Defendants' logic is as follows: expert testimony is required to demonstrate causation between the accident and the injuries, and Plaintiff failed to disclose any experts who can testify about causation as is required pursuant to Federal Rule of Civil Procedure Rule 26. The one expert that Plaintiff did disclose – an accident reconstructionist – is not Plaintiff's treating physician and does not opine on injury causation. Without expert testimony, Plaintiff would

- 4 -

therefore be unable to prove a required element of her claim and thus Summary Judgment should be granted in Defendants' favor. Defendants argue at a minimum the Court should award partial summary judgment.

The Court finds that Plaintiff maintains a triable issue of material fact and denies Summary Judgment. The Court will first address the physical injuries and then the emotional distress claim.

It is true that causation of complex medical diagnoses is the kind of testimony that requires expert, as opposed to lay witness, testimony. *See* F. R. EVID. 702 (lay witness may not offer testimony "based on scientific, technical, or other specialized knowledge.") It is also without question that Plaintiff is required formally to disclose experts Plaintiff intends to present at trial regarding causation of complex medical injuries pursuant to Federal Rule of Civil Procedure 26. FED. R. CIV. P. 26(a)(2). Plaintiff disclosed no such experts.

But not all medical injuries require expert testimony on causation. If the connection between an accident and an injury "is a kind that would be obvious to laymen, such as a broken leg from being struck by an automobile," expert testimony is not necessary. *Schmaltz v. Norfolk & Western Ry.,* 896 F.Supp. 180, 182 (N.D. Ill. 1995) (internal quotation marks and citation omitted). Causation

can be proven without expert testimony, "if all the primary facts can be accurately and intelligibly described to the jury, and if they, as men of common understanding, are as capable of comprehending the primary facts and of drawing correct conclusions from them." *Cyrus v. Town of Mukwonago,* 624 F.3d 856, 864 (7th Cir. 2010) (quoting *Salem v. U.S. Lines Co.,* 370 U.S. 31, 35 (1962)). For those injuries that do not involve a "complicated question of medical causation," Plaintiff may testify as a lay witness about her own perception, including physical and emotional effects, of the accident. *Hendrickson v. Cooper,* 589 F.3d 887, 892 (7th Cir. 2009).

*Narkiewicz-Laine v. Aer Lingus Ltd.* is instructive. 2015 WL 5009766 (N.D. Ill. Aug. 21, 2015). The court in *Narkiewicz* denied in part defendant's motion for summary judgment in a Montreal Convention claim. *Id.* at *5. Despite plaintiff's failure to present experts that could testify that an accident on board a flight was the cause of plaintiff's resulting seizure episodes, plaintiff was nevertheless able to testify as to his resulting vertigo, dizziness, memory loss, and headaches for which expert testimony was not required. *Id.* at *4–5.

Here, there is record evidence, including from Plaintiff herself, that Plaintiff suffered from neck, jaw, leg, hand, shoulder, and back pain, as well as hearing loss after the plane

crash. (Pl. SMF ¶¶ 8, 9, 13, 14, 16.) It would not be beyond the jury's experience or observations to infer that a plane crash caused these injuries. In fact, Defendant's own expert, George S. Miz, stated in his report that Plaintiff suffered a "thoracolumbar back strain" as a result of the plane crash. (Def. SMF (Dkt. No. 32-2) ¶ 10.)

In addition to the Plaintiff's testimony, the jury may also infer causation from a fact witness's lay testimony. Treating physicians may testify as fact witnesses about their personal observations, the diagnoses they made, Plaintiff's history, and the treatments they provided. *See Levingston v. Myles,* 2022 WL 952279, at *4 (N.D. Ill. Mar. 30, 2022) (Leinenweber, J.) ("Because Levingston did not formally disclose any treating physicians as experts, they are treated as fact witnesses. In other words, they may testify to what they observed and the diagnoses they made, but they may not testify about what could have caused the injuries."); *see also Caldwell v. City of Chicago,* 2010 WL 380696, at *4 (N.D. Ill. Jan. 28, 2010) (same).

Here, Plaintiff offered treating physicians for deposition – Dr. Andersen, Dr. Stoner, Dr. Rivivo, Carolen King and Shawn Flynn – Plaintiff's pediatrician, physical therapist, audiologist, and mental health therapists, respectively. Plaintiff disclosed two of these witnesses in her Rule 26(a)(1) disclosures as fact

witnesses – Dr. Andersen and Ms. King. (Dkt. No. 35-4.) All opined either that Plaintiff's injuries were sustained as a result of the crash, or that such injuries could have been sustained as a result of the crash. Plaintiff also testified during her deposition about two physicians who treat her for her NOMID condition, Dr. Goldbach-Mansky and Dr. Scott Paul. (Pl. SMF ¶¶ 13, 17.) She testified that as a result of the crash, she has experienced a flareup of NOMID. Because none of the treating physicians were disclosed as experts, they may not testify about the causation of Plaintiff's injuries but may testify about their treatment and diagnoses and Plaintiff's history.

Plaintiff proposes the Court treat the treating physicians as experts for purposes of Rule 26(a)(2)(C). Rule 26(a)(2)(C) provides that for witnesses who are not retained or specially employed to provide testimony, a written report is not required. Instead, the party need only disclose "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." FED. R. CIV. P. 26(a)(2)(C). Despite not disclosing any such summary for the treating physicians, Plaintiff proposes the Court treat the written summary requirement as satisfied because Defendants had notice of these "expert" witnesses through Plaintiff's written

answers to discovery requests and witness depositions. The Court sees nothing to support such a bending of the rule. Rule 26(a)(2)(C)'s written summary requirement serves an important notice function to the opposing party. *Musser v. Gentiva Health Servs.,* 356 F.3d 751, 757-58 (7th Cir. 2004). It is not the job of the opposing party to make a record of the factual basis of the expert's testimony by way of a deposition. *See Gregory v. Oliver,* 2002 WL 31972165, at *1-2 (N.D. Ill. Dec. 27, 2002) (Shadur, J.) Without the proper disclosures, Plaintiff's treating physicians must testify as fact, and not expert witnesses.

Nor does it change the calculus that Plaintiff disclosed two treating physicians in initial Rule 26(a)(1) fact witness disclosures. The Seventh Circuit made clear in *Musser v. Gentiva Health Sys.* that disclosing a person as a fact witness and disclosing a person as an expert witness are two distinct acts. 356 F. 3d 751, 757 (7th Cir. 2004); *see also Coleman v. Cook Cty.,* 2010 WL 4284920, at *5-6 (N.D. Ill. Oct. 20, 2010)("[T]here is no doubt after *Musser* that a treating physician who is to testify under Federal Rule of Evidence 702 must be identified in disclosures pursuant to Rule 26(a)(2), even if the treating physician was previously disclosed as a fact witness").

Plaintiff's reliance on *Barnes v. Black,* 2008 WL 11366274 (C.D. Ill. 2008) is misplaced. The question in *Barnes* was whether

reference to a treating physician in plaintiff's deposition could constitute the kind of notice contemplated by FRCP 26(a)(1) governing *fact* witnesses. 2008 WL 11366274, at *1-2. The court found the reference put the opposing party on notice such that the physician was allowed to testify as a fact witness at trial. *Id*. *Barnes* did not deal with disclosures required by FRCP 26(a)(2) which governs qualified *expert* testimony, and which is at issue here.

### B.  Emotional Distress

Defendants move for Summary Judgment on Plaintiff's emotional distress claims under the same logic: Plaintiff's claim requires her to prove that the plane crash caused her emotional distress, which requires expert testimony. Because Plaintiff has not disclosed her therapists, Shawn Flynn and Carolen King, as experts under FRCP 26(a)(2), she will be unable to prove causation and the Court should grant Defendants Summary Judgment at least with respect to her emotional distress claims. Defendants also contend that the "causation rule" for emotional distress under the Montreal Convention requires Plaintiff to prove that her mental anguish resulted not just from the crash, but from the physical injuries themselves.

The Court denies Defendants' Motion for Summary Judgment on the emotional distress claims for the same reasons it denies it on

the physical injury claims. Defendants again make the mistaken leap that without an expert to testify about causation, Plaintiff is unable to prove causation all together. This is not so. Plaintiff can testify about her own "perceptions of her physical and mental health during the relevant time period," and Flynn and King may testify about their observations, diagnoses, and treatment of Plaintiff. *Saccameno,* 2018 WL 10609875, at *2. It is for the jury, not this Court, to decide whether to infer causation.

The Seventh Circuit has not had occasion to decide the issue of the "causation rule" under the Montreal Convention. This Court elects to follow the Sixth Circuit and lower courts, including one in this circuit, that have held that a plaintiff's emotional distress claim brought under the Montreal Convention need not demonstrate the emotional distress was caused by physical injuries. *See Doe v. Etihad Airways,* 870 F.3d 406 (6th Cir. 2017); *Oshana v. Aer Lingus Ltd.,* 2022 WL 138140, at *9-10 (N.D. Ill. Jan. 12, 2022) (Pallmeyer, J.) The cases on which Defendants rely mirror those on which defendant relied in *Oshana* and which Judge Pallmeyer distinguished either because they did not involve allegations of *any* physical injury, or because the claim was brought under the Warsaw Convention, not the Montreal Convention. *Id.* Judge Pallmeyer observed the relevant language differed between the two conventions which provided sound reason to avoid

an analogous reading. *Id.* at * 7. Accordingly, the jury need not infer that Plaintiff's emotional distress was caused by her physical injuries – it is enough to infer they were caused by the crash itself.

### III.  <u>CONCLUSION</u>

In sum, Plaintiff's treating physicians may testify as fact witnesses regarding their diagnoses, the patient's history, observations, and treatment of Plaintiff. Plaintiff may testify about her own experiences – mental and physical – relating to the plane crash. Because there is a genuine issue of material fact regarding causation, Defendants' Motion for Summary Judgment or Partial Summary Judgment is denied.

**IT IS SO ORDERED.**

_____
        Harry D. Leinenweber, Judge
        United States District Court

Dated: 9/6/2023

- 12 -